## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

JOEL B. ATTIA,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )          CV421-097
                                        )
VINNY PATEL, PAUL REALLY                )
JERRY MINCHEW,                          )
THOMAS DUTTON, and                      )
DELILAH SAYRE,                          )
                                        )
            Defendants.                 )

## **REPORT AND RECOMMENDATION**

Plaintiff Joel B. Attia, appearing *pro se*, has submitted a complaint alleging civil rights violation, terrorism, cruel and unusual punishment, hate crimes, theft of federal property, and "crimes against a Jewish American." Doc. 1. He has, however, filed only one page of the standard application form to proceed *in forma pauperis*. Doc. 2 (only page 2). That page is dated more than five months prior to the filing of this case. *Id*. The application is incomplete and potentially not reflective of plaintiff's current financial status. The Court might solicit further and more recent financial information, but amendment is not necessary, as the complaint should be **DISMISSED** as it is transparently frivolous.

Plaintiff's allegations, in their entirety, are:

Vinny Patel cashed a federal check with other defendants of Joel Attia that plaintiff got from the government at his (one stop store) business.   Also, Vinny Patel allowed people (defendants) that worked for David Jackson and Randy Neal (SSI or retirement) to put cameras and other equipment in the house that plaintiff rented from defendant, allow[ing] plaintiff to be terrorized in the room he rented from Vinny Patel. Therefore, it is significant that Vinny Pattel [sic] and others be sued for terrorism, hate crimes, human rights, theft of plaintiff's federal property, as well as crimes against a Jewish American.   Terrorism because his life was threatened [and] it was carried out but failed attempt on plaintiff's life.

Doc. 1 at 3–4.  To the extent that any civil claims are actually alleged, they are transparently frivolous and should be dismissed as they lack "an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To the extent that any coherent narrative can be discerned in the complaint, it appears that Patel was plaintiff's landlord and cashed a check that was issued to plaintiff.  Patel also allowed other defendants to place cameras in the rented property.[1]  The purpose of these cameras and how that might have "terrorized" plaintiff is not clear.  Though plaintiff seeks

---

[1] These defendants appear to share a common address of 3901 Regent Avenue, Moss Point, Mississippi.  Doc. 1 at 3.  It is unclear if this is the same property that plaintiff rented from Patel and if these defendants were his former housemates.

in excess of $300 billion dollars in damages, he has alleged no injury.[2] Rather, he has alleged what, at best, might be crimes. As the claim is patently frivolous, the Court **RECOMMENDS** that the complaint be **DISMISSED**.

A *pro se* litigant is typically afforded at least one opportunity to amend his pleadings. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"). The Court, however, is not obligated to permit an opportunity to amend when a claim is patently frivolous. *Nezbeda v. Liberty Mutual Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019) ("The district court may dismiss a plaintiff's claims *sua*

---

[2] For context, plaintiff's claimed damages of $306 billion is more than the 2019 gross domestic product of 150 countries and semi-autonomous states. The World Bank, GDP (current US$), *available at* https://data.worldbank.org/indicator/NY.GDP.MKTP.CD?most_recent_value_desc=true (last visited Apr. 6, 2021).

*sponte*—without requiring or permitting the plaintiff to amend—if it concludes that the claims are frivolous.").  If plaintiff believes his claim to be non-frivolous, he may file an amended complaint articulating a civil cause of action and all supporting facts within the fourteen days permitted for objecting to this Report and Recommendation.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 8th day of April, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA