IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOEL B. ATTIA,<br><br>    Plaintiff,<br><br>  v.<br><br>VINNY PATEL, PAUL REALLY, JERRY MINCHEW, THOMAS DUTTON, and DELILAH SAYRE *or (Sayer)*<br><br>    Defendants. | CIVIL ACTION NO.: 4:21-cv-97 |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's April 8, 2021, Report and Recommendation, (doc. 5), to which plaintiff has filed an objection, (doc. 6). For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.

The Magistrate Judge recommended that this complaint be dismissed as transparently frivolous. (Doc. 5). Plaintiff's objection does nothing to challenge that conclusion. Instead, it serves only to complicate the narrative supporting plaintiff's allegations of "terrorism, hate crimes, human rights, theft of plaintiff's federal property, as well as crimes against a Jewish American," and his claim for more than $300,000,000. (Doc. 1). Reading the complaint and objection together, plaintiff alleges that Patel rented a house to him in Mississippi. (Doc. 1 at 3–4; doc. 6 at 1–2). At some point, Patel acquired a check issued to plaintiff by the Government, which he cashed at his business. (Doc. 1 at 3; doc. 6 at 1). The specific nature of the check and how it came into Patel's possession are not provided.

Patel is also alleged to have rented a home near Plaintiff's to some or all of the other defendants. (Doc. 6 at 1). Operating under the instructions of David Jackson and Randy Neal and with the blessing of Patel, these defendants placed cameras in plaintiff's home for an unspecified reason.[1] (Doc. 1 at 3–4; doc. 6 at 1–2). The pleadings suggest that the recording equipment was taken to Mississippi from Georgia, despite prohibitions by the "Georgia FBI."[2] (Doc. 6 at 2). Plaintiff alleges that a recording of him was shown, though no details of the showing have been provided. (Doc. 6 at 2). Plaintiff further alleges that the defendants "terrorized" him, presumably though the recordings. (Doc. 1 at 2).

No cognizable civil claim can be divined from plaintiff's pleadings. His allegations of "terrorism, hate crimes, human rights, theft of plaintiff's federal property, as well as crimes against a Jewish American" hint at criminal charges that cannot be pursued through a civil complaint. To the extent that a civil cause of action might be hidden by an inarticulate narrative, plaintiff has not sufficiently alleged that defendants have acted unlawfully. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

---

[1] Plaintiff does not provide any additional details regarding Jackson and Neal in his complaint. In recent cases filed by plaintiff in the Southern District of Mississippi, Jackson is identified as a member of the Mississippi Bureau of Narcotics s*ee*, *Attia v. Martin*, *et al.*, CV1:21-090, doc. 1 at 2 (S.D. Miss. Mar. 26, 2021), and Neal is identified as a retired member of a sheriff's department task force, *see Attia v. Hard Rock Casino*, *et al.*, CV1:20-332, doc. 1 at (S.D. Miss. Oct. 26, 2021).

[2] It is unclear if this refers to the Georgia Bureau of Investigations (GBI) or a branch office of the FBI located in Georgia.

Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 5.) The complaint is **DISMISSED** and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 14th day of May, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA